UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                              Plaintiff,

        -against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE & ROOFING COMPANY, INC. d/b/a Coastal Pawn Shop; JOHN COSCIA d/b/a John's Gun & Tackle Room; FRANKLIN ROD & GUN SHOP, INC.; GWINNETT PAWN SHOP, INC.; HOT SHOTS, INC. d/b/a Hot Shots Jewelry & Pawn; MILLER ROD & GUN, INC.; RJS ENTERPRISES, INC. d/b/a Dick's Pawn Shop North; JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE OF VIRGINIA, INC. d/b/a Town & Country Pawn Shop; TOCCOA PAWN & VARIETY, INCORPORATED; TRADER WORLD, INC.;

                              Defendants.

------------------------------------------------------------------------ x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JAN 1 ⬚ 2007 ★

BROOKLYN OFFICE

Civil Action No.:
06 CV 6504 (JBW) (CLP)

## STIPULATION AND SETTLEMENT AGREEMENT

**WHEREAS,** plaintiff, The City of New York (the "City") commenced this action on December 7, 2006 (the "New York Action") by filing a complaint against the above-listed defendants (the "Complaint") in the United States District Court for the Eastern District of New York (the "Court");

**WHEREAS,** defendant Coastal Tile & Roofing Company, Inc. d/b/a Coastal Pawn Shop ("Coastal Pawn") was served with the Complaint on or about December 16, 2006;

**WHEREAS,** the date for Coastal Pawn to answer or otherwise respond to the Complaint is January 6, 2006;

**WHEREAS,** the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Coastal Pawn's right to sell firearms as permitted by law,



implements the most cost-effective means of assuring that a firearm sold by Coastal Pawn will not be illegally possessed in New York City;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. Coastal Pawn hereby consents to the immediate entry of a permanent injunction whose terms shall be substantially identical to those set forth in paragraphs 2 through 14 below (the "Injunction").

2. An individual designated by the City shall be appointed as Special Master by the Court. The parties agree that the Special Master shall commence his or her monitoring and training responsibilities within 30 days of the signing of this Stipulation and Settlement Agreement. The City shall compensate the Special Master for his or her fees and expenses. No earlier than six (6) months following the commencement of the Special Master's monitoring duties, Coastal Pawn for good cause may petition the Court to appoint a different Special Master, and the City shall have the right to oppose such appointment.

3. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Stipulation and Settlement Agreement forward, firearms sales by Coastal Pawn are made in full conformity with applicable law. The Special Master shall utilize, without limitation, (i) in-store observation, including the use of videotape surveillance; (ii) records monitoring, including but not limited to all trace requests made by ATF to Coastal Pawn since the date of this Stipulation and Settlement Agreement; (iii) random and repeated integrity testing; (iv) inspection of Coastal Pawn inventory; and (v) instructional programs designed to provide "best practices" sales training to all Coastal Pawn employees involved in firearms sales.

4. Coastal Pawn agrees that the Special Master's responsibilities require free access to all documentation regarding firearms sales and inventory for the time period commencing with the date of this Stipulation and Settlement Agreement. Coastal Pawn agrees to make such records available without restriction to the Special Master.

5. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, state, or local law or regulation, shall be resolved by the Special Master. Either party has the right to contest before the Court any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the party shall pay the other party's attorney fees.

6. On or before a date 15 days after the signing of this Stipulation and Settlement Agreement, Coastal Pawn shall file with the Court a performance bond in the amount of $500.00 in a form and content satisfactory to the City (the "Bond").

7. After the date of this Stipulation and Settlement Agreement, if Coastal Pawn sells a firearm to a "Straw Purchaser," as that term is defined below, or to an individual posing as a Straw Purchaser, or otherwise in violation of Federal, State or local law or regulation, as determined by the Special Master, $1,000.00 shall be forfeited to the City as a penalty. For a second violation, the amount to be forfeit shall be $2,000.00, and for a third violation, $3,000.00. Said amount shall become immediately payable to the City and the Bond shall be promptly restored to its full amount after any violation.

8. For purposes of this Stipulation and Settlement Agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Coastal Pawn is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) A sale is made to an investigator conducting a "Simulated Straw Purchase," meaning a sale in which it would have appeared to a reasonable person at the time of the sale that one individual was having another person buy him or her a firearm and sign the ATF Form 4473.

9. The Special Master shall report in full his or her findings, at least each quarter after being appointed, to the parties.

10. The City and Coastal Pawn shall submit to the Court a joint application for the entry of the Injunction in the New York Action within 10 days after the execution of this Stipulation and Settlement Agreement. Coastal Pawn agrees not to move to modify or vacate the Injunction other than jointly with the City.

11. In the event the Court fails or refuses to issue the Injunction within 60 days of the filing of the joint application for the entry of the Injunction, which date may be extended by the City, or the Injunction issued differs materially from that agreed to by the parties

hereto, the City shall discontinue the New York Action without prejudice and paragraphs 2 through 9 of this Stipulation and Settlement Agreement shall remain valid contractual obligations between the parties, enforceable as a contract in any court having personal and subject matter jurisdiction.

12. Except as provided in paragraph 11 hereof, the Court shall retain continuing jurisdiction over the parties and the subject matter of the Stipulation and Settlement Agreement to enforce the terms of the Injunction as against Coastal Pawn, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction. Other than the foregoing, the proceedings in the New York Action shall be stayed as against Coastal Pawn.

13. The training and monitoring duties of the Special Master, and the requirement to maintain the Bond, shall terminate upon attainment by Coastal Pawn of three consecutive years from the date of the posting of the Bond of full compliance by Coastal Pawn and each of its owners, employees and agents, with all applicable firearms laws and regulations and with paragraphs 2-8 of this Stipulation and Settlement Agreement (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within 30 days of the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss the New York Action. The motion to dismiss shall include the City's consent to termination of the Bond.

14. A violation of an applicable firearms law or regulation or of paragraph 2-8 of this Stipulation and Settlement Agreement as certified by the Special Master shall re-commence the running of the three-year Compliance Period from the date of the violation.

15. Except as provided with respect to the Bond, or for a breach of this Stipulation and Settlement Agreement, this Stipulation and Settlement Agreement shall not be the basis for the award of damages to any party.

16. Except as expressly reserved and stated herein, the City does hereby release and forever discharge Coastal Pawn, and Coastal Pawn releases and discharges the City, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the Complaint as above-styled, provided that Claims, if any, arising out of firearms sold after the date of this Stipulation and Settlement Agreement are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between the parties. Coastal Pawn denies liability for any damages due the City or to citizens of the City of New York and intends merely to buy its peace. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Stipulation and Settlement Agreement are contractual and not a mere recital.

17. The parties agree that this Stipulation and Settlement Agreement may be executed in any number of counterparts, and in that event, each counterpart shall be deemed a complete original and shall be enforceable without reference to any other counterpart.

The parties intending to be legally bound this 20th day of December, 2006, have caused this Stipulation and Settlement Agreement to be executed by setting their hands and seals as follows.

_____
**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-099
New York, New York 10007
(212) 788-1324
By: Eric Proshansky


_____
**COASTAL TILE & ROOFING COMPANY, INC.** d/b/a Coastal Pawn Shop

By: James McCormick, President

2006, have caused this Stipulation and Settlement Agreement to be executed by setting their hands and seals as follows.

_____
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-099
New York, New York 10007
(212) 788-1324
By: Eric Proshansky


_____
COASTAL TILE & ROOFING
COMPANY, INC. d/b/a Coastal Pawn Shop

By: James McCormick, President


So ordered
JW 12/23/06