FILED
IN CLERK'S OFFICE
FEB 20 2007
U.S. DISTRICT COURT E.D.N.Y
★ BROOKLYN OFFICE ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                  Plaintiff,

    -against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE & ROOFING COMPANY, INC. d/b/a Coastal Pawn Shop; JOHN COSCIA d/b/a John's Gun & Tackle Room; FRANKLIN ROD & GUN SHOP, INC.; GWINNETT PAWN SHOP, INC.; HOT SHOTS, INC. d/b/a Hot Shots Jewelry & Pawn; MILLER ROD & GUN, INC.; RJS ENTERPRISES, INC. d/b/a Dick's Pawn Shop North; JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE OF VIRGINIA, INC. d/b/a Town & Country Pawn Shop; TOCCOA PAWN & VARIETY, INCORPORATED; TRADER WORLD, INC.;

                                  Defendants.

----------------------------------------------------------------- x

Civil Action No.:
06 CV 6504 (JBW) (CLP)

## STIPULATION AND SETTLEMENT AGREEMENT

**WHEREAS**, plaintiff, The City of New York (the "City") commenced this action (the "Action") on December 6, 2006 (the "New York Action") by filing a complaint (the "Complaint") against Jerry Dale Rooks d/b/a Rooks Sales & Service ("Rooks") in the United States District Court for the Eastern District of New York;

**WHEREAS**, Rooks was served with the Complaint on December 16, 2006;

**WHEREAS**, the date for Rooks to answer or otherwise respond to the Complaint was extended by the Court to and including January 26, 2007;

**WHEREAS**, the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Rooks' right to sell firearms as permitted by law, implements

the most cost-effective means of assuring that a firearm sold by Rooks will not be illegally possessed in New York City;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. Rooks hereby consents to the immediate entry of a permanent injunction to govern its sales, the terms of which shall be substantially identical to those set forth in paragraphs 2 through 14 and 16 below (the "Injunction").

2. An individual designated by the City shall be appointed as Special Master by the Court. The City shall compensate the Special Master for his fees and expenses. The parties agree that the Special Master shall commence his monitoring responsibilities within 60 days of the signing of this Stipulation and Agreement and shall commence his training responsibilities described in subparagraph 3(v) six months after the date of this Stipulation and Settlement Agreement.

3. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that firearm sales by Rooks from the date of this Agreement forward are made in full conformity with applicable law. The Special Master shall utilize, without limitation, (i) in-store observation, including the use of videotape surveillance; (ii) records monitoring, including but not limited to all trace requests made by ATF to Rooks from the date of this Agreement forward; (iii) random and repeated integrity testing; (iv) inspection of Rooks inventory; and (v) instructional programs designed to provide "best practices" sales training to all Rooks employees involved in firearms sales.

4. Rooks agrees that the Special Master's responsibilities require free access to all documentation regarding firearms sales and firearms in Rooks' possession and agrees to



make such records covering the time period from the date of this Agreement forward available without restriction to the Special Master. Provided, however that, if ATF expressly prohibits Rooks from providing ATF trace requests to the Special Master, Rooks shall not be in violation of the Injunction for withholding such records.

5. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, South Carolina state law, or local law or regulation, shall be resolved by the Special Master. Either party has the right to contest before the Court any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the party shall pay the other party's attorney fees.

6. On a date no later than 60 days after the signing of this Stipulation and Settlement Agreement, Rooks shall post a performance bond in the amount of $5,000 in form and content satisfactory to the City.

7. After the date of this Agreement, if Rooks sells a firearm to a "Straw Purchaser," as that term is defined below, or an individual posing as a Straw Purchaser, or otherwise in violation of Federal, State or local law or regulation, as determined by the Special Master $1,000 shall be forfeited to the City as a penalty. For a second violation the amount to be forfeit shall be $2,000, and for a third violation, $3,000. Said amount shall become immediately payable to the City. Provided, however, that the Special Master in his sole discretion may deem a violation non-material in light of all the circumstances, including whether or not the regulating authority is satisfied with any correction.



8. For purposes of this agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Rooks is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold, and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) a sale is made to an investigator who is conducting a "Simulated Straw Purchase," which shall mean a purchase in a form substantially like those described in the Complaint, for example, in Complaint paragraphs 91-92, 127-129 and 175-177. *See also* Complaint ¶ 58.

9. The Special Master shall report in full his or her findings, at least each quarter after being appointed, to the parties.

10. The Court shall retain continuing jurisdiction over the parties and the subject matter of the Stipulation and Settlement Agreement to enforce the terms of the Injunction against Rooks, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction. Other than the foregoing, the proceedings in the Action shall be stayed as against Rooks.

11. The duties of the Special Master shall terminate upon attainment by Rooks of three consecutive years from the date of the posting of the Bond of full compliance by Rooks



and each of its owners, employees and agents, with all applicable firearms laws and regulations and with paragraphs 2-8 of this Stipulation and Settlement Agreement (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within 30 days of the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss the New York Action.

12. If, at any time before three years from the date of this Stipulation and Settlement Agreement, Rooks provides a sworn statement that he has disposed of his existing inventory of firearms, ceased selling firearms, surrendered his federal firearms license and does not intend to re-commence the selling of firearms ("Early Termination Certification"), then the parties hereto shall jointly move the Court to dismiss this action and terminate all of Rooks' responsibilities under this Agreement, including the requirement to post a bond and undergo monitoring by the Special Master.

13. Jerry Dale Rooks recognizes and agrees that the provision for Early Termination Certification set forth in paragraph 12 hereof constitutes substantial consideration for the City's decision to enter into this Stipulation and Settlement. In the event that Jerry Dale Rooks re-enters the retail firearms market within three (3) years of the date of the Early Termination Certification by engaging in the retail sale of firearms, Jerry Dale Rooks agrees to be bound by paragraphs 2 through 11 of this Stipulation and Settlement Agreement for a period of three (3) years following the commencement of sales by Jerry Dale Rooks. In that event, paragraphs 2 through 11 of this Stipulation and Settlement Agreement shall be valid contractual obligations between the City and Jerry Dale Rooks, enforceable as a contract in any court having subject matter jurisdiction.



14. Except for a breach of this Stipulation and Settlement Agreement, this Stipulation and Settlement Agreement shall not be the basis for the award of damages to any party.

15. Except as expressly reserved and stated herein, the City does hereby release and forever discharge Rooks, and its employees and Rooks individually and its employees and Jerry Dale Rooks individually releases and discharges the City, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the complaint as above-styled. Provided, however, that Claims, if any, arising out of firearms sold after the date of this Stipulation and Settlement Agreement are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between the parties. Rooks denies liability for any damages due the City or to citizens of the City of New York, and intends merely to buy its peace. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Agreement are contractual and not a mere recital.

The parties intending to be legally bound this 3/ day of January, 2007, have caused this Agreement to be executed by setting their hands and seals as follows.

_____
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York

- 6 -

Attorney for Plaintiff
100 Church Street, Rm. 20-99
New York, New York 10007
(212) 788-1324
By: Eric Proshansky

_____
**JERRY DALE ROOKS**
Jerry Dale Rooks d/b/a Rooks Sales and Service and Individually
239 North Main Street
Bishopville, South Carolina 29010

*Approved*
*So ordered*
*close the case*
*Jack B. Weinstein*
*2/15/07*