FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 0 3 2007 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

THE CITY OF NEW YORK,

Plaintiff,

-against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE & ROOFING COMPANY, INC. d/b/a Coastal Pawn Shop; JOHN COSCIA d/b/a John's Gun & Tackle Room; FRANKLIN ROD & GUN SHOP, INC.; GWINNETT PAWN SHOP, INC.; HOT SHOTS, INC. d/b/a Hot Shots Jewelry & Pawn; MILLER ROD & GUN, INC.; RJS ENTERPRISES, INC. d/b/a Dick's Pawn Shop North; JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE OF VIRGINIA, INC. d/b/a Town & Country Pawn Shop; TOCCOA PAWN & VARIETY, INCORPORATED; TRADER WORLD, INC.;

Defendants.

---------------------------------------------------------------------- x

Civil Action No.:
06 CV 6504 (JBW) (CLP)

**STIPULATION AND SETTLEMENT AGREEMENT**

**WHEREAS,** plaintiff, The City of New York (the "City") commenced this action on December 7, 2006 (the "New York Action") by filing a complaint against the above-listed defendants (the "Complaint") in the United States District Court for the Eastern District of New York (the "Court");

**WHEREAS,** defendant Miller Rod & Gun, Inc. ("Miller") was served with the Complaint on December 20, 2006;

**WHEREAS,** the date for Miller to answer or otherwise respond to the Complaint has been adjourned until March 19, 2007 by the City;

**WHEREAS,** the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Miller's right to sell firearms as permitted by law, implements





the most cost-effective means of assuring that any firearm sold by Miller will not be illegally possessed in New York City;

**WHEREAS**, Miller admits no wrongdoing or liability by executing this Stipulation and Settlement Agreement;

**WHEREAS**, Miller, not having filed an Answer or other pre-Answer motion, expressly reserves its right to raise any and all affirmative defenses, including, but not limited to challenges to the personal and subject matter jurisdiction of the Court and these proceedings, as a consequence of this Stipulation and Settlement Agreement.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. Miller hereby consents to the immediate entry of a permanent injunction on the terms set forth in paragraphs 2 through 16 below (the "Injunction").

2. Pursuant to Rule 53 of the Federal Rules of Civil Procedure (the "Rules"), an individual designated by the City shall be appointed as Special Master by the Court. The parties agree that the Special Master shall commence his or her monitoring and training responsibilities within 30 days of the signing of this Stipulation and Settlement Agreement. The City shall compensate the Special Master for all of his or her fees and expenses. No earlier than six (6) months following the commencement of the Special Master's monitoring duties, Miller, for good cause, may petition the Court to appoint a different Special Master, and the City shall have the right to oppose such appointment.

3. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Stipulation and Settlement Agreement forward, firearms sales by Miller are made in full conformity with applicable federal and Ohio law. The





FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 0 3 2007 ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

THE CITY OF NEW YORK,

Plaintiff,

-against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE & ROOFING COMPANY, INC. d/b/a Coastal Pawn Shop; JOHN COSCIA d/b/a John's Gun & Tackle Room; FRANKLIN ROD & GUN SHOP, INC.; GWINNETT PAWN SHOP, INC.; HOT SHOTS, INC. d/b/a Hot Shots Jewelry & Pawn; MILLER ROD & GUN, INC.; RJS ENTERPRISES, INC. d/b/a Dick's Pawn Shop North; JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE OF VIRGINIA, INC. d/b/a Town & Country Pawn Shop; TOCCOA PAWN & VARIETY, INCORPORATED; TRADER WORLD, INC.;

Defendants.

---------------------------------------------------------------------- x

Civil Action No.:
06 CV 6504 (JBW) (CLP)

**STIPULATION AND SETTLEMENT AGREEMENT**

**WHEREAS,** plaintiff, The City of New York (the "City") commenced this action on December 7, 2006 (the "New York Action") by filing a complaint against the above-listed defendants (the "Complaint") in the United States District Court for the Eastern District of New York (the "Court");

**WHEREAS,** defendant Miller Rod & Gun, Inc. ("Miller") was served with the Complaint on December 20, 2006;

**WHEREAS,** the date for Miller to answer or otherwise respond to the Complaint has been adjourned until March 19, 2007 by the City;

**WHEREAS,** the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Miller's right to sell firearms as permitted by law, implements





the most cost-effective means of assuring that any firearm sold by Miller will not be illegally possessed in New York City;

**WHEREAS**, Miller admits no wrongdoing or liability by executing this Stipulation and Settlement Agreement;

**WHEREAS**, Miller, not having filed an Answer or other pre-Answer motion, expressly reserves its right to raise any and all affirmative defenses, including, but not limited to challenges to the personal and subject matter jurisdiction of the Court and these proceedings, as a consequence of this Stipulation and Settlement Agreement.

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. Miller hereby consents to the immediate entry of a permanent injunction on the terms set forth in paragraphs 2 through 16 below (the "Injunction").

2. Pursuant to Rule 53 of the Federal Rules of Civil Procedure (the "Rules"), an individual designated by the City shall be appointed as Special Master by the Court. The parties agree that the Special Master shall commence his or her monitoring and training responsibilities within 30 days of the signing of this Stipulation and Settlement Agreement. The City shall compensate the Special Master for all of his or her fees and expenses. No earlier than six (6) months following the commencement of the Special Master's monitoring duties, Miller, for good cause, may petition the Court to appoint a different Special Master, and the City shall have the right to oppose such appointment.

3. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Stipulation and Settlement Agreement forward, firearms sales by Miller are made in full conformity with applicable federal and Ohio law. The





Special Master shall utilize, without limitation, (i) in-store observation, including the use of videotape surveillance; (ii) records monitoring, including but not limited to all trace requests made by ATF to Miller since the date of this Stipulation and Settlement Agreement; (iii) random and repeated integrity testing; (iv) inspection of Miller's inventory; and (v) instructional programs designed to provide "best practices" sales training to all Miller employees involved in firearms sales.

4. If the Special Master opts to utilize video surveillance, the necessary equipment shall be installed, monitored, and maintained completely at the Special Master's expense. Additionally, any video surveillance shall be limited to the front counter point-of-sale area.

5. Miller agrees that the Special Master's responsibilities require access to all documentation regarding firearms sales and inventory for the time period commencing with the date of this Stipulation and Settlement Agreement through the end of the Compliance Period (as defined below). Miller agrees to make such records available without restriction to the Special Master.

6. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, state, or local law or applicable regulations, shall be submitted by the Special Master as a recommendation to the Court following the objection period defined below.

(i) Objection Period: The Special Master shall report the alleged violation(s) to the parties in writing and with particularity. Either party has the right to file an objection within 30 days of the Special Master's

notice of recommendation or opinion relating to an alleged violation, on the basis that the Special Master's decision or practice constitutes an abuse of discretion. If any such objection to the recommendation of the Special Master is denied by the Court, the objecting party shall pay the other party's reasonable attorney fees.

7. On or before a date 15 days after the signing of this Stipulation and Settlement Agreement, Miller shall file with the Court a performance bond in the amount of $1,000.00 in a form and content satisfactory to the City (the "Bond").

8. After the date of this fully executed Stipulation and Settlement Agreement, if a final determination has been made (a final determination shall mean any recommendation or opinion of the Special Master that has been made in writing on a final basis and served upon the parties in accordance with the notice requirements provided in this Stipulation and Settlement Agreement, and the time for filing an objection has expired and no objection has been filed with the Court), that Miller has sold a firearm to a "Straw Purchaser," as that term is defined below, or to an individual posing as a Straw Purchaser, or otherwise in violation of Federal, State or local law or regulation, as determined by the Special Master, or Court, as the case may be, $500.00 shall be forfeited to the City as a penalty. For a second violation, the amount to be forfeited shall be $1,000.00, and for a third or subsequent violation, $1,500.00. Said amount shall become immediately payable to the City and the Bond shall be promptly restored to its full amount after any violation.

9. For purposes of this Stipulation and Settlement Agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master or Court as the case may be,

(i) Any buyer of a firearm from Miller is arrested for, indicted for, or pleads guilty to, a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of videotapes or store records or other monitoring by the Special Master demonstrates that an actual Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) A sale is made to an investigator conducting a "Simulated Straw Purchase," meaning a sale in which it would have appeared to a reasonable person at the time of the sale that one individual was having another person buy him or her a firearm and sign the ATF Form 4473.

10. The Special Master shall report in full and in writing his or her findings, at least each quarter after being appointed, to the parties and serve a copy of same upon the parties in accordance with the notice requirements provided in Paragraph 22, below.

11. Miller agrees not to move to modify or vacate the Injunction other than jointly with the City.

12. The Court shall retain continuing jurisdiction over the parties and the subject matter of this Stipulation and Settlement Agreement to enforce the terms of the Injunction as against Miller, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction.





Other than the foregoing, the proceedings in the New York Action shall be stayed as against Miller.

13. The training and monitoring duties of the Special Master, and the requirement to maintain the Bond, shall terminate upon attainment by Miller of three consecutive years from the date of the posting of the Bond of full compliance by Miller and each of its owners, employees and agents, with all applicable federal and Ohio firearms laws and regulations and with paragraphs 2-8 of this Stipulation and Settlement Agreement (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within 30 days of the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss the New York Action. The motion to dismiss shall include the City's consent to a release of the Special Master from any further duties and termination of the Bond.

14. A violation of an applicable firearms law or regulation or of paragraph 2-8 of this Stipulation and Settlement Agreement as certified by the Special Master shall re-commence the running of the three-year Compliance Period from the date of the violation.

15. If at any time before three years from the date of this Stipulation and Settlement Agreement, Miller's provides a sworn statement that Miller's has disposed of its existing inventory of firearms, has ceased selling firearms, does not intend to re-commence the selling of firearms and has surrendered the federal firearms license through which Miller's engages in the sale of firearms ("Early Termination Certifiaction"), then the parties hereto shall jointly move the Court to dismiss this action and terminate all of Miller's responsibilities under this Agreement, including the requirement to post a bond and undergo monitoring by the Special Master.

16. Miller's recognizes and agrees that the provision for Early Termination Certification set forth in paragraph 15 hereof constitutes substantial consideration for the City's decision to enter into this Stipulation andf Settlement Agreement. In the event that Miller's re-enters the retail firearms market within three (3) years of the date of the Early Termination Certification by engaging in the retail sale of firearms, Millers agrees to be bound by paragraphs 2-16 of this Stipulation and Settlement Agreement for a period of three (3) years following the recommencement of sales by Miller's. In that event, paragraphs 2-16 of this Stipulation and Settlement Agreement shall be valid contractual obligations between the City and Miller's, enfoceable as a contract in any court having subject matter jurisdiction.

17. Except as provided with respect to the Bond, or for a breach of this Stipulation and Settlement Agreement, this Stipulation and Settlement Agreement shall not be the basis for the award of damages to any party.

18. Except as expressly reserved and stated herein, the City does hereby release and forever discharge Miller, and Miller releases and discharges the City, of and from any all past, present, or future claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the Complaint as above-styled, provided that Claims, if any, arising out of firearms sold after the date of this Stipulation and Settlement Agreement are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release

hereof is not an admission of wrongdoing or liability, but is made for the purpose of avoiding future litigation between the parties. Miller denies wrongdoing or liability for any damages due the City or to citizens of the City of New York and intends merely to buy its peace. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Stipulation and Settlement Agreement are contractual and not a mere recital.

19. All information, whether written or oral, which has been or will be provided, presented or made available to the Special Master in connection with this Stipulation and Settlement Agreement is confidential. No information may be used or disclosed by the City or the Special Master for any purpose except in connection with the transactions contemplated by this Stipulation and Settlement Agreement, or as required by law. Without limiting the generality of the foregoing, no information may be used or disclosed or offered as evidence by the City, Special Master or other third party or their respective counsel, in any court, arbitration or other proceeding for any purpose, except as otherwise provided herein.

20. The parties agree that this Stipulation and Settlement Agreement may be executed in any number of counterparts, and in that event, each counterpart shall be deemed a complete original and shall be enforceable without reference to any other counterpart.

21. This Stipulation and Settlement Agreement may not be modified or amended except by an instrument in writing signed by a duly authorized representative of each of the parties.

22. All notices and other communications under this Stipulation and Settlement Agreement shall be in writing and shall be deemed given when delivered by mail at the address for that party.





(a) If to Miller:

Miller Rod & Gun, Inc.
ATTN: Michael Miller
5140 Youngstown-Poland Road
Youngstown, OH 44514

With a copy to:

Joseph R. Macejko, Esq.
1101 First National Tower
P.O. Box 1497
Youngstown, OH 44501-1497

(b) If to the City:

Eric Proshansky
Assistant Corporation Counsel
New York City Law Department
100 Church Street Rm 20-99
New York, NY 10007

The parties intending to be legally bound this 19th day of March 2007 have caused this Stipulation and Settlement Agreement to be executed by setting their hands and seals as follows.

**MICHAEL A. CARDOZO**
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-99
New York, New York 10007
(212) 788-1324
By: Eric Proshansky

Joseph R. Macejko, Esq.
Attorney for Miller Rod & Gun, Inc.
1101 First National Tower
P.O. Box 1497
Youngstown, Ohio 44501-1497
Tel. (330) 744-9007
Fax (330) 744-5857

Michael J. Miller, President
Miller Rod & Gun, Inc.

So ordered effective
3/26/07

3/26/07