UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THE CITY OF NEW YORK,

                                 Plaintiff,

               -against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE & ROOFING COMPANY, INC. d/b/a Coastal Pawn Shop; JOHN COSCIA d/b/a John's Gun & Tackle Room; FRANKLIN ROD & GUN SHOP, INC.; GWINNETT PAWN SHOP, INC.; HOT SHOTS, INC. d/b/a Hot Shots Jewelry & Pawn; MILLER ROD & GUN, INC.; RJS ENTERPRISES, INC. d/b/a Dick's Pawn North Shop; JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE OF VIRGINIA, INC. d/b/a Town & Country Pawn Shop; TOCCOA PAWN & VARIETY, INCORPORATED; TRADER WORLD, INC.;

                                 Defendants.

------------------------------------------------------------------------ x

Civil Action No.:
06 CV 6504 (JBW) (CLP)

## STIPULATION AND SETTLEMENT AGREEMENT

       **WHEREAS,** plaintiff, The City of New York (the "City") commenced this action on December 6, 2006 (the "New York Action") by filing a complaint against the above-listed defendants (the "Complaint") in the United States District Court for the Eastern District of New York (the "Court");

       **WHEREAS,** defendant RJS Enterprises, Inc., d/b/a Dick's Pawn North Shop North ("Dick's Pawn North"), located at 860 Highway 17 South, North Myrtle Beach, South Carolina 29582was served with the Complaint on December 16, 2006;

       **WHEREAS,** the date for Dick's Pawn North to answer or otherwise respond to the Complaint was extended *sine die*;

**WHEREAS,** the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Dick's Pawn North's right to sell firearms as permitted by law, implements the most cost-effective means of assuring that a firearm sold by Dick's Pawn North will not be illegally possessed in New York City; and

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. Dick's Pawn North hereby consents to the immediate entry of a permanent injunction whose terms shall be substantially identical to those set forth in paragraphs 2 through 15 below (the "Injunction").

2. An individual designated by the City shall be appointed as Special Master by the Court. The parties agree that the Special Master shall commence his or her monitoring and training responsibilities within 30 days of the signing of this Stipulation and Settlement Agreement. The City shall compensate the Special Master for his or her fees and expenses. No earlier than six (6) months following the commencement of the Special Master's monitoring duties, Dick's Pawn North for good cause may petition the Court to appoint a different Special Master, and the City shall have the right to oppose such appointment.

3. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Stipulation and Settlement Agreement forward, firearms sales by Dick's Pawn North are made in full conformity with applicable law. The Special Master shall utilize, without limitation, (i) in-store observation, including the use of videotape surveillance; (ii) records monitoring, including but not limited to all trace requests made by ATF to Dick's Pawn North since the date of this Stipulation and Settlement Agreement; (iii) random and repeated integrity testing; (iv) inspection of Dick's Pawn North's inventory; and

(v) instructional programs designed to provide "best practices" sales training to all Dick's Pawn North employees involved in firearms sales.

4. Dick's Pawn North agrees that the Special Master's responsibilities require free access to all documentation regarding firearms sales and inventory for the time period commencing with the date of this Stipulation and Settlement Agreement. Dick's Pawn North agrees to make such records available without restriction to the Special Master.

5. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, South Carolina, or local law or regulation, shall be resolved by the Special Master. Either party has the right to contest before the Court any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the party shall pay the other party's attorney fees.

6. On or before a date 15 days after the signing of this Stipulation and Settlement Agreement, Dick's Pawn North shall file with the Court a performance bond in the amount of $1000 in a form and content satisfactory to the City (the "Bond").

8. After the date of this Stipulation and Settlement Agreement, if Dick's Pawn North sells a firearm to a "Straw Purchaser," as that term is defined below, or to an individual posing as a Straw Purchaser, or otherwise in violation of Federal, State or local law or regulation, as determined by the Special Master, $1,000 shall be forfeited to the City as a penalty. For a second violation, the amount to be forfeit shall be $2,000, and for a third violation, $3,000. Said amount shall become immediately payable to the City and the Bond shall be promptly restored to its full amount after any violation.

9.  For purposes of this Stipulation and Settlement Agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Dick's Pawn North is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) A sale is made to an investigator conducting a "Simulated Straw Purchase," meaning a sale in which it would have appeared to a reasonable person at the time of the sale that one individual was having another person buy him or her a firearm and sign the ATF Form 4473.

10. The Special Master shall report in full his or her findings, at least each quarter after being appointed, to the parties.

11. The Court shall retain continuing jurisdiction over the parties and the subject matter of the Stipulation and Settlement Agreement to enforce the terms of the Injunction as against Dick's Pawn North, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction.

- 5 -

Other than the foregoing, the proceedings in the New York Action shall be stayed as against Dick's Pawn North.

14. The training and monitoring duties of the Special Master, and the requirement to maintain the Bond, shall terminate upon attainment by Dick's Pawn North of three consecutive years from the date of the posting of the Bond of full compliance by Dick's Pawn North and each of its owners, employees and agents, with all applicable firearms laws and regulations and with paragraphs 3-9 of this Stipulation and Settlement Agreement (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within 30 days of the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss the New York Action. The motion to dismiss shall include the City's consent to termination of the Bond.

15. A violation of an applicable firearms law or regulation or of paragraph 3-9 of this Stipulation and Settlement Agreement as certified by the Special Master shall re-commence the running of the three-year Compliance Period from the date of the violation.

16. Except as provided with respect to the Bond, or for a breach of this Stipulation and Settlement Agreement, this Stipulation and Settlement Agreement shall not be the basis for the award of damages to any party.

17. Except as expressly reserved and stated herein, the City does hereby release and forever discharge Dick's Pawn North, and Dick's Pawn North releases and discharges the City, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any

way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the Complaint as above-styled, provided that Claims, if any, arising out of firearms sold after the date of this Stipulation and Settlement Agreement are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between the parties. Dick's Pawn North denies liability for any damages due the City or to citizens of the City of New York and intends merely to buy its peace. This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Stipulation and Settlement Agreement are contractual and not a mere recital.

18. The parties agree that this Stipulation and Settlement Agreement may be executed in any number of counterparts, and in that event, each counterpart shall be deemed a complete original and shall be enforceable without reference to any other counterpart.

The parties intending to be legally bound this 3rd day of May, 2007, have caused this Stipulation and Settlement Agreement to be executed by setting their hands and seals as follows.

| | |
|---|---|
| _____ | _____ |
| **MICHAEL A. CARDOZO** | **RJS ENTERPRISES, INC. D/B/A DICK'S** |
| Corporation Counsel of the City of New York | **PAWN SHOP NORTH** |
| Attorney for Plaintiff | By: Raley D. Smith |
| 100 Church Street, Rm. 20-99 | President |
| New York, New York 10007 | RJS Enterprises, Inc. d/b/a Dick's Pawn Shop |
| (212) 788-1324 | North |
| By: Eric Proshansky | 860 Highway 17 South |
| | North Myrtle Beach, South Carolina 29582 |