**FILED**
**IN CLERK'S OFFICE**
**U.S. DISTRICT COURT E.D.N.Y.**

★ AUG 23 2007 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                        Plaintiff,

            -against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE
& ROOFING COMPANY, INC d/b/a Coastal Pawn Shop;
JOHN COSCIA d/b/a John's Gun & Tackle Room;
FRANKLIN ROD & GUN SHOP, INC.; GWINNETT
PAWN SHOP, INC.; HOT SHOTS, INC d/b/a Hot Shots
Jewelry & Pawn; MILLER ROD & GUN, INC.; RJS
ENTERPRISES, INC. d/b/a Dick's Pawn Shop North;
JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE
OF VIRGINIA, INC d/b/a Town & Country Pawn Shop;
TOCCOA PAWN & VARIETY, INCORPORATED;
TRADER WORLD, INC.;

                                        Defendants.

-------------------------------------------------------------------- x

Civil Action No :
06 CV 6504 (JBW) (CLP

## STIPULATION AND SETTLEMENT AGREEMENT

            **WHEREAS**, plaintiff, The City of New York (the "City") commenced this action

(the "Action") on December 6, 2006 (the "New York Action") by filing a complaint (the

"Complaint") against Franklin Rod & Gun Shop, Inc ("Franklin") in the United States District

Court for the Eastern District of New York;

            **WHEREAS**, Franklin was served with the Complaint on December 15, 2006;

            **WHEREAS**, Franklin filed a motion to dismiss for lack of personal jurisdiction

on February 12, 2007;

            **WHEREAS**, Franklin has sold all of its firearms and other inventory;

**WHEREAS,** Franklin surrendered its federal firearms license, acquisition and disposition records and 4473 forms to the Bureau of Alcohol, Tobacco, Firearms and Explosives;

**WHEREAS,** Franklin has been dissolved as a corporation;

**WHEREAS,** the principal of Franklin, Curtis P. Young, has no intention of engaging in the sale of firearms in the future;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1. The parties hereto shall jointly move the Court to dismiss this Action as against Franklin

2 The principal of Franklin, Curtis P. Young, recognizes and agrees that the cessation of retail sales by Franklin constitutes substantial consideration for the City's decision to enter into this Stipulation and Settlement   In the event that he re-enters the retail firearms market within three (3) years of the date of this Stipulation and Settlement by obtaining a new federal firearms license and engaging in the retail sale of firearms or acquiring a controlling interest in a firearms retail business, Mr Young agrees to so notify the undersigned counsel for the City within thirty (30) days of commencing business and further agrees to be bound by the conditions set forth in Addendum A to this Stipulation and Settlement Agreement for a period of three (3) years following his re-entry into the retail firearms market

3 Except as expressly reserved and stated herein, the City does hereby release and forever discharge Franklin, and its parent companies, subsidiaries, affiliates, divisions, related business entities, predecessors, successors, heirs, executors, assigns, agents, directors, officers, shareholders, owners, employees, former employees, representatives, attorneys, and insurers, and Franklin, and its employees, release and discharge the City, of and

- 2 -

from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service,

loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now

have or which they may hereafter have on account of or in any way growing out of, any and all

known and unknown, foreseen and unforeseen damages and the consequences thereof relating to

or resulting from the matters set forth in the Complaint  Provided, however, that Claims, if any,

arising out of firearms sold after the date of this Stipulation and Agreement are not released  It is

expressly understood and agreed that this release is in full accord and satisfaction of, and in

compromise of, disputed claims and that said release hereof is not an admission of liability, but is

made for the purpose of avoiding future litigation between the parties  Franklin denies liability

for any damages due the City or to citizens of the City of New York, and intends merely to buy

its peace  This Stipulation and Settlement Agreement contains the entire agreement between the

parties hereto, and the terms of this Agreement are contractual and not a mere recital

     The parties intending to be legally bound this _15_ day of August, 2007, have

caused this Agreement to be executed by setting their hands and seals as follows

 

     MICHAEL A. CARDOZO
     Corporation Counsel of the City of New York
     Attorney for Plaintiff
     100 Church Street, Rm  20-99
     New York, New York 10007
     (212) 788-1324
     By: Eric Proshansky

 

     by permission

     FRANKLIN ROD & GUN SHOP, INC.
     320 Old Franklin Turnpike
     Rocky Mount, VA 24151
     By: Curtis P  Young

- 3 -

Addendum A

1.      In the event that Mr Young obtains a new federal firearms license and re-
renters the retail firearms market or acquires a controlling interest in a firearms retail business,
his sales shall be monitored by an individual designated by the City and appointed as a Special
Master by the Court  The City shall compensate the Special Master for his fees and expenses
The Special Master shall commence his monitoring responsibilities no earlier than 30 days after
the date that Mr Young re-enters the retail firearms business

2      It shall be the responsibility of the Special Master to ensure, to the fullest
extent practicable, that firearm sales by Mr Young, or any business in which he participates as a
principal, from the date of this Agreement forward are made in full conformity with applicable
law  The Special Master shall utilize, without limitation, (i) in-store observation, including the
use of videotape surveillance; (ii) records monitoring, including, but not limited to, all trace
requests made by ATF to Mr Young from the date of this Agreement forward; (iii) random and
repeated integrity testing; (iv) inspection of Mr Young's inventory; and (v) instructional
programs designed to provide "best practices" sales training to Mr Young, and any person
involved in firearms sales and employed by any business in which he participates as a principal

3      Mr Young agrees that the Special Master's responsibilities require free
access to all documentation regarding firearms sales and firearms in Mr Young's possession and
agrees to make such records covering the time period from the date of this Agreement forward
available without restriction to the Special Master  Provided, however that, if the Bureau of
Alcohol, Tobacco, Firearms and Explosives ("ATF") expressly prohibits Mr Young from
providing trace requests, acquisition and disposition records, multiple sale forms or 4473 forms

- 4 -

to the Special Master, Mr Young shall not be in violation of this Agreement for withholding such records

4       Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, Virginia state law, or local law or regulation, shall be resolved by the Special Master, whose decision shall be binding   Either party has the right to contest before the Court any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous   If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the party shall pay the other party's reasonable attorney fees

*[signature]*

8/21/07

- 5 -