FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   AUG 27 2007   ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                        Plaintiff,

                    -against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE & ROOFING COMPANY, INC d/b/a Coastal Pawn Shop; JOHN COSCIA d/b/a John's Gun & Tackle Room; FRANKLIN ROD & GUN SHOP, INC.; GWINNETT PAWN SHOP, INC.; HOT SHOTS, INC d/b/a Hot Shots Jewelry & Pawn; MILLER ROD & GUN, INC.; RJS ENTERPRISES, INC d/b/a Dick's Pawn Shop North; JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE OF VIRGINIA, INC d/b/a Town & Country Pawn Shop; TOCCOA PAWN & VARIETY, INCORPORATED; TRADER WORLD, INC.;

                                        Defendants

---------------------------------------------------------------- x

Civil Action No :
06 CV 6504 (JBW) (CLP)

## STIPULATION AND SETTLEMENT AGREEMENT

**WHEREAS**, plaintiff, The City of New York (the "City") commenced this action (the "Action") on December 6, 2006 (the "New York Action"), by filing a complaint (the "Complaint") against John Coscia d/b/a John's Gun & Tackle Room ("Coscia") in the United States District Court for the Eastern District of New York;

**WHEREAS**, Coscia was served with the Complaint on December 19, 2006;

**WHEREAS**, the date for Coscia to answer or otherwise respond to the Complaint has been extended *sine die* pending the resolution of settlement negotiations with the City;

**WHEREAS**, the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Coscia's right to sell firearms as permitted by law, implements

```
                                              FILED
                                        IN CLERK'S OFFICE
                                     U.S. DISTRICT COURT E.D.N.Y.
                                        ★   AUG 27 2007   ★
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

P.M. _____
TIME A.M. _____

------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                                Plaintiff,

                   -against-

BOB MOATES' SPORT SHOP, INC ; COASTAL TILE
& ROOFING COMPANY, INC d/b/a Coastal Pawn Shop;
JOHN COSCIA d/b/a John's Gun & Tackle Room;
FRANKLIN ROD & GUN SHOP, INC ; GWINNETT
PAWN SHOP, INC ; HOT SHOTS, INC d/b/a Hot Shots
Jewelry & Pawn; MILLER ROD & GUN, INC ; RJS
ENTERPRISES, INC d/b/a Dick's Pawn Shop North;
JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE
OF VIRGINIA, INC d/b/a Town & Country Pawn Shop;
TOCCOA PAWN & VARIETY, INCORPORATED;
TRADER WORLD, INC ;

                                                Defendants

Civil Action No :
06 CV 6504 (JBW) (CLP

------------------------------------------------------------- x

## STIPULATION AND SETTLEMENT AGREEMENT

       **WHEREAS**, plaintiff, The City of New York (the "City") commenced this action (the "Action") on December 6, 2006 (the "New York Action"), by filing a complaint (the "Complaint") against John Coscia d/b/a John's Gun & Tackle Room ("Coscia") in the United States District Court for the Eastern District of New York;

       **WHEREAS**, Coscia was served with the Complaint on December 19, 2006;

       **WHEREAS**, the date for Coscia to answer or otherwise respond to the Complaint has been extended *sine die* pending the resolution of settlement negotiations with the City;

       **WHEREAS**, the parties desire to resolve this matter without further litigation, by an agreement that, consistent with Coscia's right to sell firearms as permitted by law, implements

the most cost-effective means of assuring that a firearm sold by Coscia will not be illegally possessed in New York City;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth below, the parties agree as follows:

1       Coscia hereby consents to the immediate entry of a permanent injunction to govern its sales, the terms of which shall be substantially identical to those set forth in paragraphs 2 through 13 below (the "Injunction").

2       Andrew Weissmann shall be appointed as Special Master by the Court. The City shall compensate the Special Master for his fees and expenses. The parties agree that the Special Master shall commence his monitoring responsibilities within 10 days of the signing of this Stipulation and Agreement and shall commence his training responsibilities described in subparagraph 3(v) six months after the date of this Stipulation and Settlement Agreement.

3       It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that firearm sales by Coscia from the date of this Agreement forward are made in full conformity with applicable law. The Special Master shall utilize, without limitation, (i) in-store observation, including the use of videotape surveillance; (ii) records monitoring, including, but not limited to, all trace requests made by ATF to Coscia from the date of this Agreement forward; (iii) random and repeated integrity testing; (iv) inspection of Coscia's inventory; and (v) instructional programs designed to provide "best practices" sales training to all of Coscia's employees involved in firearms sales.

4       Coscia agrees that the Special Master's responsibilities require free access to all documentation regarding firearms sales and firearms in Coscia's possession and agrees to make such records covering the time period from the date of this Agreement forward available

without restriction to the Special Master. Provided, however that, if the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") expressly prohibits Coscia from providing ATF trace requests, acquisition and disposition records, multiple sale forms or 4473 forms to the Special Master, Coscia shall not be in violation of the Injunction for withholding such records.

     5     Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, Pennsylvania, or local law or regulation, shall be resolved by the Special Master. Either party has the right to contest before the Court any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous. If the party filing such a contest does not succeed in vacating the Special Master's decision or practice as clearly erroneous, the party shall pay the other party's reasonable attorney fees.

     6.     On a date no later than 60 days after the signing of this Stipulation and Settlement Agreement, Coscia shall post a performance bond in the amount of $500 in form and content satisfactory to the City.

     7     After the date of this Agreement, if Coscia sells a firearm to a "Straw Purchaser," as that term is defined below, or an individual posing as a Straw Purchaser, or otherwise in violation of Federal, Pennsylvania, or local law or regulation, as determined by the Special Master, $1,000 shall be forfeited to the City as a penalty. Minor paperwork violations, including a purchaser completing a 4473 form with his or her middle initial instead of middle name, writing "Y" or "N" instead of "Yes" or "No", abbreviating "Ln" for "Lane," etc., shall not serve as the basis for a penalty to be paid to the City. For a second violation the amount to be forfeit shall be $2,000, and for a third violation, $3,000. Said amount shall become immediately payable to the City and the bond shall be promptly restored to its full amount after any violation

Provided, however, that the Special Master in his sole discretion may deem a violation non-material in light of all the circumstances, including whether or not the regulating authority is satisfied with any correction

8   For purposes of this agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

(i) Any buyer of a firearm from Coscia is arrested for, indicted for, or pleads guilty to a violation of either 18 U S C § 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold, and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of videotapes or store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) a sale is made to an investigator who is conducting a "Simulated Straw Purchase," which shall mean a purchase in a form substantially like those described in the Complaint, for example, in Complaint paragraphs 82-84, and a reasonable person would have recognized at the time of sale that a straw purchase was occurring

9   The Special Master shall report in full his findings, at least each quarter after being appointed, to the parties

10   The Court shall retain continuing jurisdiction over the parties and the subject matter of the Stipulation and Settlement Agreement to enforce the terms of the Injunction against Coscia, including enforcement through the imposition of sanctions for contempt of court

with respect to any knowing and willful failure to comply with the Injunction. Other than the foregoing, the proceedings in the Action shall be stayed as against Coscia.

11. The duties of the Special Master shall terminate upon attainment by Coscia of three consecutive years from the date of the posting of the Bond of full compliance by Coscia, and each of its employees and agents acting in their capacity as employees and agents of Coscia, with all applicable firearms laws and regulations and with paragraphs 2-8 of this Stipulation and Settlement Agreement (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within 30 days of the close of the putative Compliance Period. In the event that compliance is certified, the parties hereto shall jointly move the Court to dismiss the New York Action.

12. If, at any time before three years from the date of this Stipulation and Settlement Agreement, Coscia provides a sworn statement that it has disposed of its existing inventory of firearms, ceased selling firearms and surrendered its federal firearms license and does not intend to re-commence the selling of firearms ("Early Termination Certification"), then the parties hereto shall jointly move the Court to dismiss this action and terminate all of Coscia's responsibilities under this Agreement, including the requirement to post a bond and undergo monitoring by the Special Master.

13. Coscia recognizes and agrees that the provision for Early Termination Certification set forth in paragraph 12 hereof constitutes substantial consideration for the City's decision to enter into this Stipulation and Settlement. In the event that Coscia re-enters the retail firearms market within three (3) years of the date of the Early Termination Certification by engaging in the sale of firearms, Coscia agrees to be bound by paragraphs 2 through 11 of this

Stipulation and Settlement Agreement for a period of three (3) years following the commencement of sales by Coscia In that event, paragraphs 2 through 11 of this Stipulation and Settlement Agreement shall be valid contractual obligations between the City and Coscia, enforceable as a contract in any court having personal and subject matter jurisdiction

14  Except for a breach of this Stipulation and Settlement Agreement, this Stipulation and Settlement Agreement shall not be the basis for the award of damages to any party

15  Except as expressly reserved and stated herein, the City does hereby release and forever discharge Coscia, and its employees, and Coscia, and its employees, release and discharge the City, of and from any all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of, any and all known and unknown, foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the complaint as above-styled Provided, however, that Claims, if any, arising out of firearms sold after the date of this Stipulation and Agreement are not released It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between the parties Coscia denies liability for any damages due the City or to citizens of the City of New York, and intends merely to buy its peace This Stipulation and Settlement Agreement contains the entire agreement between the parties hereto, and the terms of this Agreement are contractual and not a mere recital

The parties intending to be legally bound this /14th/ day of August, 2007, have caused this Agreement to be executed by setting their hands and seals as follows:

_____
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-99
New York, New York 10007
(212) 788-1324
By: Eric Proshansky

_____
JOHN COSCIA D/B/A JOHN'S GUN &
TACKLE ROOM
2604 Freemansburg Avenue
Easton, Pennsylvania 18045
By: John Coscia

S. [signature]
[signature]
8/15/07

- 7 -