

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

Richard J. Costa
Telephone: (212) 788-1600
Facsimile: (212) 788-1633
rcosta@law.nyc.gov

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
APR 3 0 2008
BROOKLYN OFFICE

April 25, 2008

<u>Via Hand Delivery and ECF</u>
Hon. Jack B. Weinstein
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *The City of New York v. Bob Moates Sport Shop, Inc., et al.*, 06 CV 6504 (E.D.N.Y.)

Dear Judge Weinstein:

Defendant Toccoa Pawn & Variety Incorporated has entered into a settlement agreement with the City, which is attached and has been filed on ECF (*see* Docket Entry 152). The City respectfully requests that Your Honor approve this agreement as So Ordered and cause it to be filed.

Respectfully submitted,

Richard J. Costa
Assistant Corporation Counsel

cc: All counsel via ecf without enclosure

F+D
JW 4/29/08
Approved - So ordered
Jack B Weinstein
4/29/08

www.nyc.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

THE CITY OF NEW YORK,

                              Plaintiff,

                  -against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE
& ROOFING COMPANY, INC d/b/a Coastal Pawn Shop;
JOHN COSCIA d/b/a John's Gun & Tackle Room;
FRANKLIN ROD & GUN SHOP, INC.; GWINNETT
PAWN SHOP, INC.; HOT SHOTS INC. d/b/a Hot Shots
Jewelry & Pawn; MILLER ROD & GUN, INC ; RJS
ENTERPRISES, INC. d/b/a Dick's Pawn Shop North;
JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE
OF VIRGINIA, INC d/b/a Town & Country Pawn Shop;
TOCCOA PAWN & VARIETY, INCORPORATED;
TRADER WORLD, INC ;

                              Defendants.

------------------------------------------------------------ x

Civil Action No :
06 CV 6504 (JBW) (CLP

## STIPULATION

        **WHEREAS**, plaintiff, The City of New York (the "City") commenced this action

(the "Action") on December 7, 2006 by filing a Complaint against Toccoa Pawn & Variety, Inc

(" Toccoa ") in the United States District Court for the Eastern District of New York;

        **WHEREAS**, Toccoa was served with the Complaint on January 22 2007;

        **NOW, THEREFORE**, in consideration of the mutual promises and covenants set

forth below, the parties agree as follows:

        1        Attached hereto as Exhibit A is a proposed Affidavit of Francis Tullis,

President of Toccoa ( Ms Tullis ) On or before June 26, 2008, if Ms Tullis provides a signed

and sworn copy of Exhibit A, attesting to the fulfillment of the conditions set forth in Exhibit A the City will dismiss the Action as against Defendant Toccoa

2. Attached hereto as Exhibit B is an Agreement for Injunctive Relief (the "Injunction") In the event that Ms. Tullis does not provide a copy of Exhibit A on or before June 26, 2008, or has not fulfilled the conditions set forth in Exhibit A, Ms Tullis agrees to enter into the Injunction.

3. Upon entering into the Injunction the City will dismiss the Action as against Defendant Toccoa consistent with the terms of the Injunction.

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-99
New York, New York 10007
(212) 788-1324
By: Eric Proshansky

TOCCOA PAWN & VARIETY, INC.
131 West Currahee Street
Toccoa, Georgia 30577
By: Francis Tullis

-2-

# *EXHIBIT A*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

THE CITY OF NEW YORK

                              Plaintiff,

                -against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE &
ROOFING COMPANY, INC. d/b/a Coastal Pawn Shop;
JOHN COSCIA d/b/a John's Gun & Tackle Room;
FRANKLIN ROD & GUN SHOP, INC.; GWINNETT
PAWN SHOP, INC.; HOT SHOTS, INC. d/b/a Hot Shots
Jewelry & Pawn; MILLER ROD & GUN, INC.; RJS
ENTERPRISES, INC. d/b/a Dick's Pawn Shop North;
JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCE
OF VIRGINIA, INC. d/b/a Town & Country Pawn Shop;
TOCCOA PAWN & VARIETY, INCORPORATED;
TRADER WORLD, INC.;

                              Defendants.

---------------------------------------------------------------- x

Civil Action No.:
06 CV 6504 (JBW) (CLP)

**AFFIDAVIT OF
FRANCIS TULLIS**

State of Georgia      )
                            )
County of Stephens  )

      Personally appeared before the undersigned officer, duly authorized to administer oaths,

Francis Tullis, who, upon oath, states as follows:

                              1

      I am over the age of eighteen, fully competent, and give this affidavit upon personal

knowledge.

I was President of Toccoa Pawn & Variety, Inc. ("Toccoa"), a corporation formed under the laws of the State of Georgia, located in Toccoa, Georgia.

3.

Toccoa engaged in the retail firearms business using a Federal Firearms License issued to me.

4.

I understand that the representations I make in this affidavit will serve as the basis for the City of New York ("City") to dismiss the captioned action against Toccoa presently scheduled for trial on September 2, 2008.

5

I further understand that, in resolving this lawsuit, the City has offered me the option of entering into a settlement agreement that would permit the continued operation of Toccoa as a going concern under the supervision of a court-appointed monitor in a manner similar to approximately 8 other defendants in this action. I have instead decided to cease operations of Toccoa.

6.

I hereby certify that as of _____, 2008,

(i) All of Toccoa's inventory of firearms has been lawfully sold or transferred to various federal firearms licensees.

(ii) The federal firearms license of Francis Tullis has been surrendered to the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") and all "out of business" records that federal regulations require to be transferred to the ATF have been so transferred. Attached hereto as Exhibit

2

A is a copy of any documentation in my possession related to the surrender of the federal firearms license and records transfer.

(iii) Toccoa has been dissolved as a Georgia corporation, pursuant to Georgia law. Attached hereto as Exhibit B is a copy of any documentation in my possession evidencing this dissolution.

(iv) I, Francis Tullis, have no intention of engaging in the sale of firearms after the date of surrender of the FFL and the dissolution of Toccoa as described above.

(v) In the event that I re-enter the retail firearms market within three (3) years of the date of this Affidavit by obtaining a new federal firearms license and engaging in the retail sale of firearms or acquiring a controlling interest in a firearms retail business, I agree to provide notice to the City of New York and further agree that the Agreement for Injunctive Relief dated March 24, 2008 shall be binding on my retail firearms business.

Respectfully submitted this _____ day of _____ 2008

_____
FRANCIS TULLIS

Subscribed and sworn to before me this
_____ day of _____, 2008.

_____
Notary Public
My Commission expires: _____

3

# *EXHIBIT B*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

THE CITY OF NEW YORK,

                                       Plaintiff,

                    -against-

BOB MOATES' SPORT SHOP, INC.; COASTAL TILE
& ROOFING COMPANY, INC. d/b/a Coastal Pawn Shop;
JOHN COSCIA d/b/a John's Gun & Tackle Room;
FRANKLIN ROD & GUN SHOP, INC.; GWINNETT
PAWN SHOP, INC.; HOT SHOTS, INC. d/b/a Hot Shots
Jewelry & Pawn; MILLER ROD & GUN, INC.; RJS
ENTERPRISES, INC. d/b/a Dick's Pawn Shop North;
JERRY DALE ROOKS d/b/a Rooks Sales & Service; TCB
OF VIRGINIA, INC. d/b/a Town & Country Pawn Shop;
TOCCOA PAWN & VARIETY, INCORPORATED;
TRADER WORLD, INC.;

                                         Defendants.

------------------------------------------------------------- x

Civil Action No.:
06 CV 6504 (JBW) (CLP)

## AGREEMENT FOR INJUNCTIVE RELIEF

        **WHEREAS**, plaintiff The City of New York (the "City") commenced this action (the "Action") on December 7, 2006 by filing a Complaint against Toccoa Pawn & Variety, Inc. ("Toccoa") in the United States District Court for the Eastern District of New York;

        **WHEREAS**, Toccoa was served with the Complaint on January 22, 2007;

        **WHEREAS**, the City and Toccoa entered into a Stipulation dated on or about March 24, 2008 (the "Stipulation"), that provides *inter alia*:

> Attached hereto as Exhibit A is a proposed Affidavit of Francis Tullis President of Toccoa ("Ms. Tullis"). On or before June 26, 2008, if Ms. Tullis provides a signed and sworn copy of Exhibit A, attesting to the fulfillment of the conditions set forth in Exhibit A, the City will dismiss the Action as against Defendant Toccoa.

Stipulation ¶1

>Attached hereto as Exhibit B is an Agreement for Injunctive Relief (the "Injunction"). In the event that Ms. Tullis does not provide a copy of Exhibit A on or before June 26, 2008, or has not fulfilled the conditions set forth in Exhibit A, Ms. Tullis agrees to enter into the Injunction.

Stipulation ¶2

**WHEREAS**, Toccoa, by its President, Francis Tullis, ("Ms. Tullis") has informed the City that she intends to continue the business of Toccoa;

**WHEREAS**, pursuant to the abovementioned Stipulation, the conditions agreed to for entry of the Injunction in this Court have been met;

**WHEREAS**, the parties desire to resolve this matter by an agreement that, consistent with Toccoa's right to sell firearms as permitted by law, implements the most cost-effective means of assuring that a firearm sold by Toccoa will not be illegally possessed in New York City;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth below the parties agree as follows:

1. Toccoa hereby consents to the immediate entry of the Injunction for the term of three (3) years to govern its sales, the terms of which are set forth in paragraphs 2-14 below.

2. Andrew Weissmann shall be appointed as Special Master by the Court. The City shall compensate the Special Master for his fees and expenses. The parties agree that the Special Master shall commence his monitoring responsibilities within ninety (90) days of the signing of this Agreement for Injunctive Relief and shall commence his training responsibilities described in subparagraph 4(v) at the Special Master's discretion.

3. During the Compliance Period (as that term is defined in paragraph 12 below), Toccoa is required to (i) comply with all applicable laws and regulations pertaining to firearm sales; (ii) comply with the terms of this Agreement for Injunctive Relief; and (iii) cooperate fully with the Special Master's monitorship.

4. It shall be the responsibility of the Special Master to ensure, to the fullest extent practicable, that from the date of this Agreement for Injunctive Relief forward, firearms sales by Toccoa are made in full conformity with applicable laws and regulations, and that Toccoa has complied with this Agreement for Injunctive Relief. The Special Master shall be permitted to use all legal means within his discretion to conduct his monitorship, including, but not limited to, (i) in-store observation; (ii) records monitoring; (iii) random and repeated integrity testing; (iv) inspection of inventory; and (v) instructional programs designed to provide "best practices" sales training to all Toccoa employees involved in firearms sales

5. Toccoa agrees that the Special Master's responsibilities require access to all documentation regarding firearms sales and firearms in inventory, including, but not limited to, (i) acquisition and disposition books; (ii) ATF Forms 4473 (Firearm Sales Records); (iii) ATF Forms 3310.4 (Sale of Multiple Firearms Records); (iv) trace requests made by the ATF to Toccoa and (v) firearm customer and sales records, whether written or computerized. Toccoa agrees to make such records available without restriction to the Special Master. Provided, however that, if the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") expressly prohibits Toccoa from providing the above documents to the Special Master, it shall not be in violation of the Injunction for withholding such records.

6. The Special Master shall report his findings to the parties at least each quarter after being appointed, and serve a copy of same upon the parties Such reports shall

include a determination of whether Toccoa has, to the knowledge of the Special Master, committed any Violations, as that term is defined in paragraph 8, below.

7.   Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a Violation has occurred, shall be submitted by the Special Master as a recommendation to the Court. Any disagreement between the parties over any practice or decision of the Special Master, including without limitation a decision of the Special Master that a firearm sale has been made in violation of Federal, Georgia, or local law or regulation, shall be resolved by the Special Master. Any party has the right to contest before the Court any decision or practice of the Special Master on the ground that the decision or practice is clearly erroneous.

8.   For purposes of this Agreement for Injunctive Relief, a "Violation" shall have occurred if, as determined by the Special Master or Court as the case may be, after the date of the Agreement for Injunctive Relief, (i) Toccoa has sold a firearm to a "Straw Purchaser," as that term is defined below, or to an individual posing as a Straw Purchaser; (ii) Toccoa has otherwise sold a firearm in violation of federal, Georgia or local law or regulation; or (iii) Toccoa has violated this Agreement for Injunctive Relief or failed to cooperate with the Special Master's monitorship. Minor paperwork violations, including a purchaser completing a 4473 form with his or her middle initial instead of middle name, writing "Y" or "N" instead of "Yes" or "No", abbreviating "Ln" for "Lane," etc., shall not be considered a Violation for purposes of this Agreement for Injunctive Relief. The Special Master may, in his discretion, refer Violations to the Court for the imposition of contempt sanctions.

9.   For purposes of this agreement, a "Straw Purchase" shall have occurred if, as determined by the Special Master,

- 4 -

(i) Any buyer of a firearm from Toccoa is arrested for, indicted for, or pleads guilty to a violation of either 18 U.S.C. §§ 922(a)(6) or 924(a)(1)(A) on the grounds that such person made a false statement on ATF Form 4473 that such person was the "actual buyer" of the firearm sold, and a reasonable person would have recognized at the time of sale that a straw purchase was occurring;

(ii) Review of store records or other monitoring by the Special Master indicates that a Straw Purchase has occurred and that a reasonable person would have recognized at the time of sale that a straw purchase was occurring; or

(iii) A sale is made to an investigator who is conducting a "Simulated Straw Purchase," which shall mean a purchase in a form substantially like those described in the Complaint, for example, in Complaint paragraphs 161-163 and a reasonable person would have recognized at the time of sale that a straw purchase was occurring.

10. After the date of this fully executed Agreement for Injunctive Relief, if a final determination has been made (a final determination shall mean any recommendation or opinion of the Special Master that has been made in writing on a final basis and served upon the parties in accordance with the notice requirements provided in this Agreement for Injunctive Relief, and the time for filing an objection has expired and no objection has been filed with the Court), that a Violation has occurred, $100 shall be forfeited to the City as a penalty. For a second Violation, $500 shall be forfeited to the City as a penalty, and for a third or subsequent Violation, $1,000. Said amount shall become immediately payable to the City. Provided, however, that the Special Master in his sole discretion may deem a violation non-material in light of all the circumstances, including whether or not the regulating authority is satisfied with any correction.

11. The Court shall retain continuing jurisdiction over the parties and the subject matter of the Agreement for Injunctive Relief to enforce the terms of the Injunction against Toccoa, including enforcement through the imposition of sanctions for contempt of court with respect to any knowing and willful failure to comply with the Injunction. Other than the foregoing, the proceedings in the Action shall be dismissed as against Toccoa.

12. The duties of the Special Master shall terminate upon attainment by Toccoa of three consecutive years from June 26, 2008 without a Violation by Toccoa and each of its employees and agents acting in their capacity as employees and agents of Toccoa (the "Compliance Period"). The Special Master shall provide to the parties either written certification of compliance or the reasons for non-compliance within thirty (30) days of the close of the putative Compliance Period.

13. If, at any time before three years from the date of this Agreement for Injunctive Relief, Toccoa provides a sworn statement that it has disposed of its existing inventory of firearms, ceased selling firearms and surrendered its federal firearms license and does not intend to re-commence the selling of firearms ("Early Termination Certification"), then the parties hereto shall jointly move the Court to terminate all of Toccoa responsibilities under this Agreement including the requirement to undergo monitoring by the Special Master.

14. Toccoa recognizes and agrees that the provision for Early Termination Certification set forth in paragraph 13 hereof constitutes substantial consideration for the City's decision to enter into this Stipulation and Settlement. In the event that Toccoa re-enters the retail firearms market within three (3) years of the date of the Early Termination Certification by engaging in the sale of firearms, Toccoa agrees to be bound by paragraphs 2 through 12 of this Agreement for Injunctive Relief for a period of three (3) years following the commencement of

sales by Toccoa. In that event, paragraphs 2 through 12 of this Agreement for Injunctive Relief shall be valid contractual obligations between the City and Toccoa. enforceable as a contract in any court having personal and subject matter jurisdiction.

15. Except for a breach of this Agreement for Injunctive Relief, this Agreement for Injunctive Relief shall not be the basis for the award of damages to any party

16. Except as expressly reserved and stated herein, the City its agents investigators and attorneys do hereby release and forever discharge Toccoa, and its employees and Toccoa, and its employees release and discharge the City, its agents, investigators and attorneys, of and from any all claims, actions, causes of action, demands rights, damages, costs, loss of service, loss of use, expenses, and compensation whatsoever (hereafter, "Claims"), which the parties now have or which they may hereafter have on account of or in any way growing out of any and all known and unknown foreseen and unforeseen damages and the consequences thereof relating to or resulting from the matters set forth in the complaint as above-styled. Provided, however, that Claims, if any, arising out of firearms sold by Toccoa after March 24, 2008 are not released. It is expressly understood and agreed that this release is in full accord and satisfaction of, and in compromise of, disputed claims and that said release hereof is not an admission of liability, but is made for the purpose of avoiding future litigation between the parties. Toccoa denies liability for any damages due the City or to citizens of the City of New York, and intends merely to buy its peace. This Agreement for Injunctive Relief contains the entire agreement between the parties hereto. and the terms of this Agreement are contractual and not a mere recital.

The parties intending to be legally bound this the 24th day of March, 2008, have caused this Agreement to be executed by setting their hands and seals as follows.

- 7 -

_[signature]_
MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Plaintiff
100 Church Street, Rm. 20-99
New York, New York 10007
(212) 788-1324
By: Eric Proshansky

_[signature]_
TOCCOA PAWN & VARIETY, INC.
131 West Currahee Street
Toccoa, Georgia 30577
By: Francis Tullis

- 8 -